[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 4, 2012
JOHN LEY
CLERK

No. 11-14879
Non-Argument Calendar
_____

D.C. Docket No. 6:11-cv-00722-GAP,
BKCY No. 6:08-bk-11343-6B7

In Re:       RICKY LEONARD BEARD,

                                                        Debtor,
_____

LARRY GREGORY,
RITA GREGORY,

                                                        Plaintiffs-Appellants,

                              versus

RICKY LEONARD BEARD,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 4, 2012)

Before MARCUS, MARTIN and HILL, Circuit Judges.

PER CURIAM:

`

This is an appeal from an order of the district court affirming the bankruptcy court in this Chapter 7 case, finding that appellee-debtor, Ricky Leonard Beard (Beard), was entitled to a discharge and that his debt owed to appellants-unsecured creditors, Larry Gregory and Rita Gregory (the Gregorys), in the amount of $600,000, was also dischargeable.

In 2004, the Gregorys sold their lawn care business to Sunbum5 Enterprises, LLC (Sunbum). Beard was the principal owner of Sunbum. The asset purchase agreement required Sunbum to pay the Gregorys $50,000, at closing, and $50,000, within thirty days of closing. The $700,000 balance was the personal debt of the Gregorys, payable in weekly installments of $1035.80.

Sunbum paid the initial $100,000 requirement, and made 144 weekly installments of $1035.80, from 2004 through July 2008. Then the lawn care business went the way of the economy, and Beard filed for bankruptcy protection in November 2008.[1]

---

[1] Sunbum filed a voluntary dissolution with the Florida Department of State in December 2008.

The Gregorys raised three issues on appeal to the district court: (1) whether the bankruptcy court clearly erred in finding Beard to be credible; (2) whether the bankruptcy clearly erred in failing to deny Beard a discharge for failing to preserve books and records; and, (3) whether the bankruptcy court clearly erred in its determination that the Gregorys had failed to prove that their debt was exempt from discharge under 11 U.S.C. § 523(a)(2)(B).

The district court found that none of these three issues had merit. It determined: (1) that the bankruptcy court did not abuse its discretion in determining, operating as a trial court, that Beard was credible; (2) that he had not committed false oaths regarding missing books and records, and that he had produced all available records; and, (3) that the bankruptcy court had not abused its discretion in determining that the Gregorys had failed to show that their debt should be exempt from discharge under 11 U.S.C. § 523(a)(2)(B). We agree.

We have reviewed the record in this appeal, the briefs, and the arguments of counsel. Finding no error, the judgment of the district court is

AFFIRMED.